Andrew D. Skale (SBN 211096)
askale@mintz.com
Ben L. Wagner (SBN 243594)
bwagner@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiff
ZIPBUDS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPBUDS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> 2X MOBILE, INC., <br><br> Defendant. | Case No. '16CV1857 JAH JLB <br><br> **PLAINTIFF ZIPBUDS, LLC'S COMPLAINT FOR:** <br><br> **1. INFRINGEMENT OF U.S. PATENT NO. D652,407 S;** <br> **2. INFRINGEMENT OF U.S. PATENT NO. 8,455,758;** <br> **3. TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION;** <br> **4. TRADEMARK INFRINGEMENT; UNFAIR COMPETITION;** <br> **5. UNFAIR COMPETITION;** <br> **6. STATUTORY UNFAIR COMPETITION; AND** <br> **7. DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **JURY DEMANDED** |

Plaintiff ZIPBUDS, LLC. for its Complaint against Defendant 2X MOBILE, INC., alleges and states as follows:

/ / /

/ / /

1

## THE PARTIES

1. Plaintiff ZIPBUDS, LLC, ("Zipbuds" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 10225 Barnes Canyon Rd., Suite A106, San Diego CA 92121.

2. Defendant 2X MOBILE, INC. ("2X" or "Defendant") is a corporation organized and existing, on information and belief, under the laws of the State of Pennsylvania, with its principal place of business at, on information and belief, 475 Riverfront Drive, Reading, PA 19602.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. sections 1 *et seq*. Subject matter jurisdiction is therefore proper under 28 U.S.C. sections 1331 and 1338(a). This is also an action for trademark and trade dress infringement and unfair competition under the Lanham Act and thus jurisdiction is proper under 15 U.S.C. section 1121.

4. This Court has personal jurisdiction over 2X because 2X has extensive minimum contacts with the State of California such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. 2X has purposefully availed itself of the benefits of the California forum, and has continued selling products infringing Zipbuds' patents despite clear notice and knowledge that the continued sales would harm the San Diego company's intellectual property rights and competing line of products practicing the inventions.

5. This Court further has subject matter jurisdiction over the claims and causes of action asserted in this complaint pursuant to 28 U.S.C. § 1332(a) because this dispute is between citizens of complete diversity, including a Pennsylvania company with its headquarters in Reading, Pennsylvania, and a California company, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

/ / /

6. Venue is proper in this judicial district under 28 U.S.C. sections 1391(b) and (c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in the district; Plaintiff resides in this district; and the Defendant resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, its repeated availment and direction of its activity toward this district, and engaging in acts of infringement in this judicial district.

## FACTUAL BACKGROUND

7. Through heavy investment and hard work, Zipbuds designed a unique type of headphone that is both useful and highly aesthetically pleasing. The design is so aesthetically pleasing and ornamental that Zipbuds pursued and obtained a design patent to protect against others who may wish to sell what an ordinary observer would view as the same product. A copy of Zipbuds' U.S. Design Patent, US D652,407, is attached to this Complaint as **Exhibit 1** ("the '407 Patent").

8. The cable organization assembly utilized by Zipbuds in its zipper earphones was such a novel invention that Zipbuds was also awarded another patent for its invention, U.S. Patent No. 8,455,758 ("the '758 Patent"). A copy of the '758 Patent is attached as **Exhibit 2**.

9. In addition, Zipbuds sought to and did create distinct brand awareness by use of a trademark, adopting the strong and inherently distinctive trademark "ZIPBUDS" for its highly aesthetic ear phones featuring a zipper. The mark makes use of its distinctive subparts – a prefix relating to the concept of a zipper, followed by a suffix relating to the concept of an ear bud. To protect its trademark and provide notice to the public that the trademark was for its exclusive use, Zipbuds sought and successfully obtained federal registration of its ZIPBUDS trademark for use in connection with "audio headphones." A copy of that U.S. Trademark, Reg. No. 4,115,616, is attached to this Complaint as **Exhibit 3**. ("ZIPBUDS" and "ZIPBUDS Trademark").

10. Zipbuds has been marketing and selling its unique ZIPBUDS ear buds since at least as early as November 9, 2010, and has gained significant market recognition. Zipbuds' products have been very successful, generating over $1 million in revenue each year from 2011 onward. The colorful, high-quality ear buds have become known for their quality and superior product design. By 2012, the ZIPBUDS earphones won Travel & Leisure's best personal gadget award. They have been featured extensively in the media. Zipbuds has been featured on, among others, the Ellen Show, New York Times and Travel Channel. These products have been recognized for their innovation, and also their successful refinement of an earphone utilizing zipper technology.

11. Unfortunately, in the midst of this momentous success, Zipbuds discovered that 2X started manufacturing and selling a competing earphone that infringes the trade dress, trademark, design patent and utility patent of Zipbuds.

12. Defendant has begun sales of its product named "Zipper Earphones" ("Accused Product"). They have sold their Accused Product in California, specifically San Diego. Not only is their product a copy of Zipbuds' valuable patented design, it is also marketed as the "Zipper Earphones" with features that are virtually indistinguishable from Zipbuds' valuable product trade dress, trademark, design and utility patents. The Zipper Earphones name is, conveniently, straight from the '407 Patent uniquely-coined title: "Zippered Earphones." Defendant's trademark simply replaces "Zip" with "Zipper," and "buds" with "earphones," and putting a space between the terms. These superficial changes do not stop consumers from facing a likelihood of confusion between the two marks.

13. The Accused Product also infringes the design of the '407 Patent, the claims of the '758 Patent, and the trade dress of the Zipbuds earphones that utilize these valuable patent rights. The '407 and '758 Patents were both issued after review of relevant prior art, and found to be novel.

///

14. Zipbuds sent 2X a cease-and-desist letter on May 18, 2016 that informed 2X of its infringement. Zipbuds sought to resolve 2X's infringement without judicial intervention, but 2X refused Zipbuds' demand.

15. A side by side exemplative comparison of one of the Accused Product to the '758 and '407 Patents is below:

  

2X Zipper Earphones            '758 Patent                '407 Patent

16. The Zipper Earphones by 2X copy the key features of the '407 Patent's design, including two distinct portions of the earbud prior to the malleable portion, a zipper that terminates prior to reaching the earbud (in this case, utilizing a piece of plastic sheathing the cord), and using a rectangular zipper tab and a zipper with rounded upper edges. In addition to these design elements, the color scheme associated with the ZIPBUDS past and current trade dress uses overlapping colors, including pink, blue, red, orange and purple.

17. 2X is manufacturing and selling infringing products. 2X is liable for infringing offers for sale and sales of its infringing products. 2X has been specifically notified of the infringement, and has simply chosen to disregard its infringement. Its continued deliberate indifference in continuing to sell the Accused Product, both online and at retail locations, makes 2X's infringement willful.

18.     Accordingly, facing a manufacturer and seller unwilling to take any responsibility for selling infringing products, and to protect Zipbuds' valuable patents and trademarks from unlawful exploitation, Zipbuds brings this suit against 2X.

# FIRST CLAIM FOR RELIEF

# INFRINGEMENT OF U.S. PATENT NO. D652,407 S

19.     Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

20.     On January 17, 2012, United States Patent Number D652,407 entitled "Zippered Earphones," was duly and legally issued to Zipbuds, who has the right to enforce this patent.

21.     Defendant has sold or exposed for sale articles of manufacture to which the '407 Patent applies.

22.     Defendant has infringed and continues to infringe the '407 Patent by using, selling, offering for sale, importing, and/or actively inducing others to use products that infringe one or more of the patented design(s) in the '407 Patent, and is thus liable for patent infringement pursuant to 35 U.S.C. §§ 271 and 289 et seq.  The Accused Product so resembles the '407 Patent, including Claim 1, that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the visual appearance of the two designs are substantially the same.

23.     Defendant is also liable for patent infringement because it actively induced retailers to continue selling the Accused Product even after it unequivocally knew of the '407 Patent, having received a cease-and-desist letter from Zipbuds and its counsel.  2X acted in a manner that encouraged retailers to infringe on the '407 Patent.

24.     2X knew that if it did not remove the Accused Product from its online store or retailer shelves, the natural and likely consequence was their continued sale. 2X intended for sales of the Accused Product to continue.  2X knew or should have known that those acts would cause retailers to continue infringing the '407 Patent, 2X

having received a detailed notice of the infringement.  2X further engaged in willful blindness by.

25. Defendant's infringement of the '407 Patent has caused and continues to cause damage to Zipbuds in an amount to be determined at trial but exceeding $75,000.

26. Defendant's infringement of the '407 Patent has caused and will continue to cause immediate and irreparable harm to Zipbuds for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

27. Defendant knew of the '407 Patent prior to the filing of this lawsuit.

28. Defendant's infringement of the '407 Patent was willful and deliberate, was objectively reckless due to the high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of this objectively-defined risk because the risk was so obvious.  Thus, Zipbuds is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and costs incurred prosecuting this action.

29. Plaintiff is further entitled to the total profit on the Accused Product pursuant to, *inter alia*, 35 USC § 289.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 8,455,758

30. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

31. On June 4, 2013, United States Patent Number 8,455,758 entitled "Cable Organization Assemblies," was duly and legally issued to Zipbuds, who has the right to enforce this patent.

32. Defendant has infringed and continues to infringe the '758 Patent by using, selling, offering for sale, importing, and/or actively inducing others to use products that infringe one or more of the claims in the '758 Patent, and is thus liable for patent infringement pursuant to 35 U.S.C. § 271.  This includes the practice by

Defendant via the Accused Product, which infringes at least Claims 1 and 18 of the '758 Patent.

33. Defendant is also liable for patent infringement under 35 U.S.C. § 271 because it actively induced retailers to continue selling the Accused Product even after 2X unequivocally knew of the '758 Patent, having received a cease-and-desist letter from Zipbuds and its counsel. 2X acted in a manner that encouraged retailers to infringe on the '758 Patent.

34. 2X knew that if it did not remove the Accused Product from its online store or retailer shelves, the natural and likely consequence was their continued sale. 2X intended for sales of the Accused Product to continue. 2X knew or should have known that those acts would cause retailers to continue infringing the '758 Patent, 2X having received a detailed notice of the infringement. 2X further engaged in willful blindness.

35. Defendant's infringement of the '758 Patent has caused and continues to cause damage to Zipbuds in an amount to be determined at trial but exceeding $75,000.

36. Defendant's infringement of the '758 Patent has caused and will continue to cause immediate and irreparable harm to Zipbuds for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

37. Defendant knew of the '758 Patent prior to the filing of this lawsuit.

38. Defendant's infringement of the '758 Patent was willful and deliberate, was objectively reckless due to the high likelihood that its actions constituted infringement of a valid patent, and knew or should have known of this objectively-defined risk because the risk was so obvious. Thus, Zipbuds is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and costs incurred prosecuting this action.

39. Plaintiff is further entitled to the total profit on the Accused Product pursuant to, *inter alia*, 35 USC § 289.

///

# THIRD CLAIM FOR RELIEF
# TRADE DRESS INFRINGEMENT; UNFAIR COMPETITION
# (15 U.S.C. § 1125 *et seq.* and Common Law)

40. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

41. Plaintiff owns the trade dress rights to the trade dress of its ZIPBUDS products by virtue of its long and continuous use which has come to associate the trade dress with itself in the minds of the relevant consuming public.

42. Defendant has committed proscribed acts of unfair competition.

43. Defendant has sold and offered for sale counterfeit goods, as alleged above, falsely designating their origin. This includes trade dress infringement of ZIPBUDS, as alleged above.

44. On information and belief, Defendant's unfair competition was knowing and willful.

45. Defendant's uses are likely to cause confusion and mistake with the public and deceive them into believing that there is an affiliation, connection and association between Defendant and Zipbuds.

46. As a direct and proximate result of Defendant's wrongful acts, Zipbuds has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, Zipbuds' remedy at law is not adequate to compensate for injuries inflicted by Defendant. Accordingly, Zipbuds is entitled to temporary, preliminary and permanent injunctive relief.

47. By reason of such wrongful acts, Zipbuds is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various existing clients and/or prospective clients and customers. Defendant has wrongfully obtained said profits and benefits. Zipbuds is entitled to compensatory damages and disgorgement of Defendant's said profits, in an amount to be proven at trial, along with other just damages.

# FOURTH CLAIM FOR RELIEF
# TRADEMARK INFRINGEMENT; UNFAIR COMPETITION
# (15 U.S.C. § 1114)

48. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

49. Plaintiff owns the ZIPBUDS trademark for use in connection with "audio headphones."

50. The ZIPBUDS trademark is federally-registered as U.S. Trademark, Reg. No. 4,115,616.

51. On information and belief, X2 had actual knowledge of Zipbuds' ownership and use of the "ZIPBUDS" trademark prior to its use of the "Zipper Earphones" mark for the Accused Product, and prior to its May 29, 2015 application for registration of the mark with the USPTO (said U.S. App. Serial No. 86/645,040 is currently suspended, "the Zipper Earphone Application").

52. The marks share a number of similarities, including without limit:
   a. The ZIPBUDS trademark uses "ZIP" as the dominant element.
   b. "Zip" is the dominant element of X2's "Zipper Earphones" product.
   c. "Earphones" is a variant of the root word "buds."
   d. ZIPBUDS and "Zipper Earphones" are targeted to the same set of consumers.

53. X2's use of the "Zipper Earphones" title for the Accused Product is highly likely to confuse or deceive consumers into believing that the Accused Product originated with Zipbuds, is affiliated, connected, or associated with Zipbuds, is sponsored, endorsed, or approved by Zipbuds, or is in some other manner related to Zipbuds.

54. X2's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Zipbuds' federally-registered trademark.

/ / /

55. X2's intentional, willful, and malicious infringement of Zipbuds' federally-registered trademark has caused Zipbuds to suffer substantial and irreparable injury.

56. Zipbuds is entitled to injunctive relief for the irreparable harm caused by this infringement, and to recover X2's profits, Zipbuds' actual damages, statutory damages, enhanced profits and damages, costs, and attorneys' fees, along with other damages.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
### (California Common Law)

57. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

58. Plaintiff has the exclusive right to use the ZIPBUDS trade dress by virtue of its extensive and continuous use.

59. Defendant has committed unlawful acts of unfair competition, as alleged above.

60. As a direct and proximate result of Defendant's wrongful acts, Zipbuds has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, Zipbuds' remedy at law is not adequate to compensate for injuries inflicted by Defendant. Accordingly, Zipbuds is entitled to temporary, preliminary and permanent injunctive relief.

61. By reason of such wrongful acts, Zipbuds is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various existing clients and/or prospective clients and customers. Defendant has wrongfully obtained said profits and benefits. Zipbuds is entitled to compensatory damages and disgorgement of Defendant's said profits, in an amount to be proven at trial, along with other just damages.

///

62. Such acts, as alleged above, were done with malice, oppression and/or fraud, thus entitling Zipbuds to exemplary and punitive damages.

## SIXTH CLAIM FOR RELIEF
## STATUTORY UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

63. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

64. Defendant has committed proscribed acts of unfair competition, including unlawful and unfair business practices, as alleged above.

65. As a direct and proximate result of Defendant's wrongful acts, Zipbuds has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, Zipbuds' remedy at law is not adequate to compensate for injuries inflicted by Defendant. Accordingly, Zipbuds is entitled to temporary, preliminary and permanent injunctive relief.

66. By reason of such wrongful acts, Zipbuds is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various existing clients and/or prospective clients and customers. As a result, Zipbuds is entitled to restitutionary relief in an amount to be determined upon proof at the time of trial.

## SEVENTH CLAIM FOR RELIEF
## DECLARATORY AND INJUNCTIVE RELIEF
### (Zipper Earphones Application)

67. Plaintiff incorporates by reference all other paragraphs contained in this Complaint.

68. An actual case or controversy exists in that Defendant has pending with the USPTO the Zipper Earphone Application (Ser. No. 86/645,040), and as alleged above, this trademark infringes upon Plaintiff's registered mark.

///

69. Plaintiff requires relief in the form of an order and judgment declaring that Plaintiff is the rightful owner of the confusingly similar Zipper Earphones, and that the Zipper Earphones application be either cancelled and/or transferred to Plaintiff in protection of its own registered Zipbuds mark.

70. The remedies at law are inadequate and irreparable harm will inure without equitable injunctive relief. The Court should enter an injunction requiring the transfer of all rights and interests in Ser. No. 86/645,040 (and any registration it matures into) to Plaintiff. This includes pursuant to 15 U.S.C. §§ 1116(a) and 1119.

## **PRAYER**

**WHEREFORE**, Plaintiff demands the following relief:

1. A judgment in favor of Plaintiff Zipbuds and against Defendant on all counts;

2. A preliminary and permanent injunction from design patent, trade dress infringement, trademark infringement and unfair business practices by Defendant;

3. Damages in an amount to be determined at trial, including Defendant's unjust enrichment, Defendant's profits, and lost sales, with such damages enhanced and/or trebled for willful infringement;

5. Statutory damages;

6. For infringement of Zipbuds' design patent, Defendant's total profits under 35 U.S.C. § 289;

7. Exemplary and punitive damages;

8. Pre-judgment interest at the legally allowable rate on all amounts owed;

9. Costs, expenses and fees under, among others, 15 U.S.C. § 1117(a)-(b);

10. Restitution;

11. An order finding that Defendant's infringement of the patents-in-suit has been willful and trebling the damages awarded to Plaintiff, as provided by 35 U.S.C. § 284;

/ / /

1 | 12. Attorney's fees under, among others, 15 U.S.C. § 1117(a) as an exceptional case and § 1117(b) for willful use of a counterfeit mark;

13. A declaration that this is an exceptional case and awarding Plaintiff its attorneys' fees incurred in prosecuting this action, as provided by 35 U.S.C. § 285; and

14. An order declaring the parties' respective interests in the Zipper Earphones Application (Ser. No. 86/645,040, and any registration that issues thereon), and requiring its transfer (and/or cancellation) to Plaintiff, including under 15 U.S.C. §§ 1116(a) and 1119.

15. Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY**

Zipbuds demands trial by jury on all issues triable as a matter of right at law.

Dated: July 21, 2016

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO

By: s/Andrew D. Skale
Andrew D. Skale, Esq.
Ben L. Wagner, Esq.

*Attorneys for Plaintiff,
ZIPBUDS. LLC.*

49863196v.1